# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUGO RAMIREZ,<br><br>                Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>                Defendants. | Case No.: 17-CV-0786 W (BGS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 3]** |

Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 3.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.

//
//
//
//
//

1

## I. BACKGROUND

The Complaint alleges the following facts. (*Compl.* [Doc. 1, Exh. 2].) In 2006, Plaintiff Hugo Ramirez executed a deed of trust securing a promissory note from lender Lehman Brothers Bank for $738,750 on a residential property in Chula Vista. (*Id.* [Doc. 1] ¶¶ 14–15.) The Deed of Trust states that Mortgage Electronic Registration Systems, Inc. ("MERS") "is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns[,]" and that MERS is the original beneficiary of the Deed of Trust. (*Deed of Trust* [Doc. 1, Exh. A] 2.)

Lehman Brothers filed for bankruptcy and ceased operations in September of 2008. (*Compl.* [Doc. 1, Exh. 2] ¶ 18.) On May 21, 2014, MERS, "as nominee for Lehman Brothers . . . [and] its successors and/or assigns," assigned and recorded the beneficial interest in the Deed of Trust to U.S. Bank National Association ("U.S. Bank"). (*See Assignment* [Doc. 1, Exh. B].) "[S]uccessors and/or assigns" language notwithstanding, Plaintiff alleges that MERS could act only at the direction of Lehman Brothers, which was defunct at the time of the assignment. (*Compare Compl.* [Doc. 1, Exh. 2] ¶ 26(e), *with Deed of Trust* [Doc. 1, Exh. A] 2, *and Assignment* [Doc. 1, Exh. B].) Accordingly, Plaintiff alleges that the assignment of the mortgage to U.S. Bank was void and, as a result, U.S. Bank lacks authority to foreclose. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 26(f)–27.)

On October 7, 2016, U.S. Bank substituted Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW") as trustee under the Deed of Trust for the original trustee, nonparty First American Title Company. (*Deed of Trust* [Doc. 1, Exh. A] 2; *Substitution of Trustee* [Doc. 3-1, Exh. 1]; *see Part III.A., infra*.) On October 18, 2016, BDFTW recorded a notice of default and election to sell, indicating that Plaintiff was in default in the amount of $40,453.90. (*Notice of Default* [Doc. 1, Exh. C]; *Compl.* [Doc. 1] ¶¶ 22–23.) On March 15, 2017, BDFTW recorded a notice of trustee's sale, setting an original date for the sale on April 17, 2017, and alleging the balance due on the loan as $817,196.85. (*Notice of Trustee's Sale* [Doc. 1, Exh. D].) Per Defendants' motion, "the trustee sale has not occurred as has continued to be postponed[,] with the current trustee

sale date of June 16, 2017." (*Defs.' Mot.* [Doc. 3] 2:19–21.) Parties have not further updated the Court on the status of the sale.

On April 4, 2017, Plaintiff filed this action against U.S. Bank and his former mortgage servicer, Nationstar Mortgage, LLC ("Nationstar"), in San Diego Superior Court. (*Compl.* [Doc. 1, Exh. 2].) The Complaint contains causes of action for: (1) cancellation of instruments; (2) violation of Cal. Bus. & Prof. Code § 17200, et seq.; (3) declaratory relief; (4) violation of Cal. Civ. Code § 2924.17; (5) violation of Cal. Civ. Code §§ 2924(a)(6), 2923.5, and 2923.55; and (6) breach of contract. (*Id.*) On April 18, 2017, U.S. Bank and Nationstar removed the case to this Court based on diversity jurisdiction. (*Notice of Removal* [Doc. 1].) Thereafter, Defendants filed a motion to dismiss. (*Defs.' Mot.* [Doc. 3].)

## II. LEGAL STANDARD

### A. Motion to Dismiss for Failure to State a Claim

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990) (as amended). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to state a claim to

3

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. Papasan v. Allain, 478 U.S. 265, 286, (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Fraud Pleading and Fed. R. Civ. P. 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). A plaintiff must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107.

Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 428–29 (9th Cir. 2001)). Those circumstances must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

//
//

4

## III. DISCUSSION

### A. Judicial Notice

Defendants seek judicial notice of a substitution of trustee form—a public document filed in the San Diego County Recorder's Office. (*See Request for Judicial Notice* [Doc. 3–1].) Plaintiff does not oppose.

A court "may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.' " Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation omitted), *overruled on other grounds as stated in* Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Matters of public record subject to judicial notice are an exception to this rule. See id. at 688–90. However, this exception may not exceed the outer bounds of Rule 201—it may not allow for the introduction or consideration of disputed facts, or facts that are subject to reasonable dispute. See id.; United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

The document in question is a matter of public record, sourced from the San Diego County Recorder's Office. Given its source, the document's accuracy cannot be reasonably questioned. See F.R. Evid. 201. The Court takes notice of this document.

### B. First and Third Causes of Action—
### Plaintiff's Standing to Challenge the Assignment of the Deed of Trust

Defendants contend that Plaintiff lacks standing to challenge U.S. Bank's authority to proceed with the nonjudicial foreclosure of his property. (*Defs.' Mot.* [Doc. 3] 5:2–8:10; 19:21–20:18.)

"California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether MERS has been authorized by the holder of the Note to

5

initiate a foreclosure[,]" at least absent a "*specific factual basis* for alleging that the foreclosure was not initiated by the correct party." See Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1156 (2011); see also Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal. App. 4th 497, 512 (2013), *as modified* (June 12, 2013), *overruled in part by* Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919, 939 n.13 (2016). In so holding, the Gomes court distinguished several federal district court cases in which courts had allowed similar suits to proceed under circumstances in which plaintiffs had identified specific facts to indicate that foreclosures had been initiated by incorrect parties. 192 Cal. App. 4th at 1155–56. The court's decision hinged on its recognition that "[t]he right to bring a lawsuit to determine a nominee's authorization to proceed with foreclosure on behalf of the noteholder would fundamentally undermine the nonjudicial nature of the [foreclosure] process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures." Gomes, 192 Cal. App. 4th at 1155.

On February 18, 2016, the Supreme Court of California issued a landmark opinion in this area, Yvanova v. New Century Mortg. Corp., 62 Cal. 4th 919 (2016). The Court held "that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment." Id. at 924. The Court was careful to narrowly craft its holding, explicitly limiting it in two respects: (1) it applies only to allegations of a defect that renders a transfer of the mortgage void—not merely voidable; and (2) it applies only to circumstances in which a borrower challenges an alleged wrongful foreclosure that has already taken place—not in which a borrower seeks to prevent one from happening. See id.

Just after the Yvanova opinion, the Fourth District Court of Appeals held that a borrower lacked standing to seek cancellation of an assignment of a deed of trust, in part, on the basis that the foreclosure had not yet occurred. See Saterbak v. JPMorgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016), reh'g denied (Apr. 11, 2016), review denied (July 13, 2016).

6

17-CV-0786 W (BGS)

Here, Plaintiff's first and third causes of action—for cancellation of instruments and declaratory relief, respectively—both seek to judicially preempt a nonjudicial foreclosure without a specific factual basis amounting to a plausible theory of liability. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 48–53, 72–79.) See Gomes, 192 Cal. App. 4th at 1155–56; Iqbal, 556 U.S. at 678. Plaintiff alleges that MERS lacked authority under the Deed of Trust to transfer his mortgage to U.S. Bank in 2014 after his original lender ceased operations because of a 2008 bankruptcy. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 48–53, 72–79, 84–93.) He bases this allegation on the language of the Deed of Trust, which explicitly limited MERS to the role of a nominee—or agent[1]—of the original lender and its successors and assigns. (*See id.* [Doc. 1, Exh. 2] ¶ 20, 26; *Deed of Trust* [Doc. 1, Exh. A] 2.) Thus, according to the Complaint, because the original lender did not exist in 2014, MERS could not have assigned the Deed of Trust to a third-party beneficiary. (*See Compl.* [Doc. 1-2] ¶¶ 51–52, 76, 86–87.) In sum, Plaintiff alleges: (1) U.S. Bank never acquired any interest in Plaintiff's Deed of Trust; and (2) the Notice of Default and Notice of Trustee's sale are void because U.S. Bank could not have validly substituted BDFTW as a trustee for First American Title Company. (*Id.*)

There is a flaw with this theory. The Deed of Trust contains language that would have allowed MERS to act as a nominee of the successors and/or assigns of Lehman Brothers—not just Lehman itself. (*Deed of Trust* [Doc. 1, Exh. A] 2.) The Complaint makes the implicit and necessary assumption that the dissolution of Lehman Brothers due to its 2008 bankruptcy would have made it impossible for MERS to assign the mortgage in 2014 without fraud of some kind. (*See Compl.* [Doc. 1] ¶¶ 26–28; 51–52.) This assumption is in error. Upon Lehman's dissolution—per the express terms of the Deed of Trust—it is plausible that Plaintiff's Deed of Trust passed to Lehman's successor, and that this successor then assigned the beneficial interest in Plaintiff's Deed of Trust to U.S.

---

[1] See James v. ReconTrust Co., 845 F. Supp. 2d 1145, 1148 (D. Or. 2012).

7

Bank through MERS.[2]  (*See Assignment* [Doc. 1, Exh. B].)

The Complaint does not allege that MERS was not acting as nominee for a successor or assign of Lehman when it assigned the Deed of Trust to U.S. Bank in 2014. Without such an allegation, this case falls within the holding of Gomes, 192 Cal. App. 4th at 1155; see also Jenkins, 216 Cal. App. 4th at 512; Saterbak, 245 Cal. App. 4th at 815.  Plaintiff is merely "bring[ing] a lawsuit to find out *whether* [the beneficiary] has [the] authority" to foreclose.  See Gomes, 192 Cal. App. 4th at 1156.  This is impermissible.  Without an allegation that Defendants have already foreclosed, Yvanova is not to the contrary.  See 62 Cal. 4th at 924 ("We do not hold or suggest that a borrower may attempt to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed."); Saterbak, 245 Cal. App. 4th at 815.

Defendants' motion to dismiss Plaintiff's first and third causes of action will be granted.

### C. Second Cause of Action—Cal. Bus. & Prof. Code § 17200, et seq.

Defendants move to dismiss Plaintiff's second cause of action, for violation of California Bus. & Prof. Code § 17200, et seq., on the ground that it fails to sufficiently allege facts to support the elements of the cause of action.  (*Defs.' Mot.* [Doc. 3] 14:17–18:17.)

> **California's unfair competition law (UCL) "does not proscribe specific activities, but broadly prohibits 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.' . . . . The UCL 'governs "anti-competitive business practices" as well as injuries to consumers, and has as a major purpose "the preservation of fair business competition."**

Boschma v. Home Loan Ctr., Inc., 198 Cal. App. 4th 230, 251–52 (2011) (internal

---

[2] The Assignment itself is conspicuously vague about what entity caused MERS to initiate the assignment.  (*See Assignment* [Doc. 1, Exh. B] 1 ("For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR LEHMAN BROTHERS BANK, FBB, A FEDERAL SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNS hereby grants, assigns and transfers to U.S. Bank . . . .").)

quotations omitted). "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent. In other words, a practice is prohibited as unfair or deceptive even if not unlawful and vice versa." Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999) (internal quotations omitted).

Private actions brought pursuant to § 17200, et seq., may only be brought by individuals who have "[(1)]suffered injury in fact[;] and [(2) have] lost money or property as a result of the unfair competition[.]" See Cal. Bus. & Prof. Code § 17204. "A private plaintiff must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition." Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1590 (2008); accord Durell v. Sharp Healthcare, 183 Cal. App. 4th 1350, 1359 (2010); Hall v. Time Inc., 158 Cal. App. 4th 847, 852 (2008), as modified (Jan. 28, 2008).

As to the first prong, "[a]n injury in fact is [a]n actual or imminent invasion of a legally protected interest, in contrast to an invasion that is conjectural or hypothetical." Hall, 158 Cal. App. 4th at 853. (internal quotation omitted). "Cases decided since [§ 17204 was amended in 2004] have concluded a plaintiff suffers injury in fact for purposes of standing under [§ 17200, et seq.] when he or she has: (1) expended money due to the defendant's acts of unfair competition . . .; (2) lost money or property . . .; or (3) been denied money to which he or she has a cognizable claim . . . . Hall, 158 Cal. App. 4th at 852. As to the second prong, lost money or property as a result of unfair competition, California courts define loss as " '[a]n undesirable outcome of a risk; the disappearance or diminution of value[.]' " Peterson, 164 Cal. App. 4th at 1592 (quoting Hall, 158 Cal. App. 4th at 853).

Plaintiff's § 17200 cause of action contains two theories.

First, Plaintiff alleges that Defendants engaged in fraudulent business practices—first by recording the assignment to Bank of America "with knowledge that [it] contained deliberate misstatements and misrepresentations, including, *inter alia*, that U.S. Bank had

9

been assigned Plaintiff's [n]ote and [d]eed of trust"[3]—and then by beginning foreclosure proceedings, "acting in a manner to mislead Plaintiff into believing that it acquired Plaintiff's [l]oan . . . ." (*Compl.* [Doc. 1, Exh. 2] ¶¶ 59–60.) The problem with these allegations is the same described in Part III.B, *supra*, with regard to standing to challenge the assignment. In short, Plaintiff infers that MERS lacked authority to assign the Deed of Trust to Bank of America simply because Lehman ceased operations in 2008. (*See Compl.* [Doc. 1] ¶¶ 58–60.) In so doing, he overlooks language in the Deed of Trust allowing Lehman's successors to cause MERS to assign the deed. (*Deed of Trust* [Doc. 1, Exh. A] 2.) In order to plead fraud in federal court, Plaintiff must allege with particularity why an allegedly false statement was false. See Vess, 317 F.3d at 1107 (applying Fed. R. Civ. P. 9(b)). Plaintiff does not allege why Lehman's successor could not have directed MERS to assign the Deed of Trust.

Second, Plaintiff alleges that the declaration attached to the notice of default, which states that Defendant Nationstar contacted Plaintiff in compliance with Cal. Civ. Code § 2923.55(b)(2), is false because Nationstar never contacted him to discuss alternatives to foreclosure. (*Compl.* [Doc. 1] ¶¶ 61–62.) He alleges that Bank of America knew of the falsehood in the declaration when it began foreclosure proceedings on his property. (*See id.*) Assuming these facts true and construing the Complaint in the light most favorable to the Plaintiff, Vasquez, 487 F.3d at 1249, these are fraudulent business practices that violate § 17200 et seq.

As to the injury requirement of § 17204, Plaintiff alleges that he suffered a loss in the form of a cloud of the title on his property, presumably resulting from the recording of the Notice of Default and the Notice of Trustee's Sale. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 23, 25, 46 ("As a result of Defendants' unlawful actions the title to Plaintiff's home

---

[3] Paragraph 58 of the Complaint uses the latin phrase *inter alia*, translated as "[a]mong other things[,]" as a means to allege fraud. INTER ALIA, Black's Law Dictionary (10th ed. 2014). This is not permissible. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

has been slandered, clouded, and its salability has been rendered unmarketable."), 69 ("Plaintiff has been injured in that a cloud has been placed upon title to Plaintiff's Property . . . .").) Plaintiff does not allege that the foreclosure has taken place yet. Without an allegation of a diminution in value resulting from Defendants' conduct, Peterson, 164 Cal. App. 4th at 1592, the allegations of the Complaint fall short of satisfying the standing requirements of § 17204. Plaintiff does not allege that he has "lost money or property as a result of the unfair competition." See Cal. Bus. & Prof. Code § 17204.

Defendants' motion to dismiss Plaintiff's second cause of action will be granted.

**D. Fourth Cause of Action—Violation of Cal. Civ. Code § 2924.17**

Defendants move to dismiss the fourth cause of action, for violation of Cal. Civ. Code § 2924.17, on the ground that it contains insufficient facts to state a claim against either defendant. (*Defs.' Mot.* [Doc. 3] 12:1–27.)

"(b) Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." Cal. Civ. Code § 2924.17.

Plaintiff alleges:

> **[N]one of the Defendants complied with Cal. Civ. Code § 2924.17. Specifically, U.S. Bank did not deliver to BDFTW the following: 1) Deed of Trust; and 2) any documents evidencing obligations secured. Furthermore, BDFTW never verified any of the statements made in the NOD, nor the subsequent NOTS.**

(*Compl.* [Doc. 1, Exh. 2] ¶ 83.)

First of all, Plaintiff does not allege that Bank of America ever serviced Plaintiff's loan. (*See Compl.* [Doc. 1. Exh. 2].) Nor does this cause of action name Nationstar, the only defendant who is alleged to have been a servicer. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 5–10.) See Iqbal, 556 U.S. at 678 (stating that allegations in a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face.").

Defendants' motion to dismiss Plaintiff's fourth cause of action will be granted.

### E. Fifth Cause of Action—Violation of Cal. Civ. Code §§ 2924(a)(6), 2923.5, and 2923.55

Defendants move to dismiss the fifth cause of action, for violation of Cal. Civ. Code §§ 2924(a)(6), 2923.5, and 2923.55, on the ground that it fails to state a claim against either defendant. (*Defs.' Mot.* [Doc. 3] 12:1–27.)

Cal. Civ. Code § 2924(a)(6) provides:

> **(6) No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust, the original trustee or the substituted trustee under the deed of trust, or the designated agent of the holder of the beneficial interest. No agent of the holder of the beneficial interest under the mortgage or deed of trust, original trustee or substituted trustee under the deed of trust may record a notice of default or otherwise commence the foreclosure process except when acting within the scope of authority designated by the holder of the beneficial interest.**

Cal. Civ. Code § 2924(a)(6).

Plaintiff's claim for violation of Cal. Civ. Code § 2924(a)(6) alleges that U.S. Bank is not the beneficiary of the loan and lacks the authority to foreclose. It refers back to previous allegations along the same lines. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 86–87.) As discussed in Part III.B., *supra*, Plaintiff does not allege that one of Lehman's successors did not direct MERS to assign the Deed of Trust. As such, its claim that U.S. Bank is not the beneficiary, which hinges on the allegedly void assignment, is not a plausible one. See Iqbal, 556 U.S. at 678. And to the extent this claim seeks to interfere with the nonjudicial foreclosure process, Plaintiff lacks standing to pursue it without further facts adding to a plausible theory that the assignment was void. See Gomes, 192 Cal. App. 4th at 1155–56.

Defendants' motion to dismiss Plaintiff's claim for violation of Cal. Civ. Code § 2924(a)(6) will be granted.

Plaintiff brings his Cal. Civ. Code § 2923.5 and § 2923.55 claims together, interchangeably—alleging that the servicer failed to provide proper notice of the Notice of Default. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 88–91.) In challenging these claims, Defendants contend simply that "Civil Code § 2923.5 is the predecessor to 2923.55 and inapplicable. Civil Code § 2923.55 is the applicable statute." (*Defs.' Mot.* [Doc. 3] 10:6–7 n.1)

> **Section 2923.5 applies only to depository institutions chartered under state or federal law that, during its immediately preceding annual reporting period, foreclosed on 175 or fewer residential real properties. Cal. Civ. Code §§ 2923.5(g), 2924.18(b). In contrast, Cal. Civ. Code § 2923.55 does not apply to entities described in § 2924.18(b).**

Joy v. Mortg. Law Firm, PLC, No. 15-CV-2735 BTM (NLS), 2016 WL 2931129, at *2 (S.D. Cal. May 19, 2016) (Moskowitz, J.). Cal. Civ. Code §§ 2923.5 and 2923.55 are mutually exclusive in scope. See Cal. Civ. Code §§ 2923.5(g); 2923.55(g). However, as Defendants do not provide any reasoning as to whether they fall within the definition provided in Cal. Civ. Code § 2924.18(b)—and thus inside the ambit of Cal. Civ. Code § 2923.5 or 2923.55—the Court does not dismiss either claim on the basis that it was brought pursuant to the wrong statute.

The essence of Defendants' challenge to the Cal. Civ. Code §§ 2923.5 and 2923.55 claims is that Plaintiff may not allege that statements made in a declaration attached to the Complaint are false.[4] (*Defs.' Mot.* [Doc. 3] 10:5–24; *Compl.* [Doc. 1, Exh. 2] ¶ 90, *Servicer Decl.* [Doc. 1, Exh. C].) This reflects an incorrect understanding of the law. At this stage, the Court assumes true allegations made in the Complaint and construes them in the light most favorable to the nonmoving party. See Vasquez, 487 F.3d at 1249. "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a

---

[4] Defendants also contend that the Cal. Civ. Code §§ 2923.5 and 2923.55 claims should be dismissed for failure to allege tender. (*Defs.' Mot.* [Doc. 3] 9:16–10:4.) The tender rule does not apply to these causes of action. See Mabry v. Superior Court, 185 Cal. App. 4th 208, 225–26 (2010) ("It would be contradictory to thwart the very operation of the statute if enforcement were predicated on full tender.").

pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). The Complaint alleges that the statements within the attached declaration are inaccurate. (*See Compl.* [Doc. 1, Exh. 2] ¶ 90.) The Court must accept this allegation as true for the purpose of this motion. See Vasquez, 487 F.3d at 1249.

Defendants' motion to dismiss Plaintiff's Cal. Civ. Code § 2923.5 and § 2923.55 claims will be denied.

### F. Sixth Cause of Action—Breach of Contract

Defendants move to dismiss the sixth cause of action, for breach of contract, on two separate grounds. (*Defs.' Mot.* [Doc. 3] 13:1–14:16.) As this cause of action is ambiguous as to against whom it is asserted, the Court construes it as being brought against U.S. Bank only—the current mortgagee. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 94–102 (asserting the cause of action against "Defendant and Doe Defendants").)

"[T]he elements of a cause of action for breach of contract are[:] (1) the existence of the contract[;] (2) plaintiff's performance or excuse for non-performance[;] (3) defendant's breach[;] and (4) the resulting damages to the plaintiff." Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

The Complaint alleges three theories as to how Defendant U.S. Bank breached the terms of the Deed of Trust. In the first, it alleges:

> **That Defendants, or its agents, without authority accelerated Plaintiff's Loan and claimed additional money was owed in violation of the Deed of Trust.**

(*Compl.* [Doc. 1, Exh. 2] ¶ 98.) Moreover, and along the same lines, it alleges:

> **That U.S. Bank is not the beneficiary, and without any authority whatsoever, has allowed BDFTW to pursue an unlawful foreclosure against Plaintiff's property.**

(*Compl.* [Doc. 1, Exh. 2] ¶ 99.) In the second theory, it alleges:

> **That there was a failure to comply with ¶ 22 of the Deed of Trust by failing to give notice of their intent to accelerate the terms and conditions of the Deed of Trust to enforce the Note.**

(*Id.* [Doc. 1, Exh. 2] ¶ 100.) In the third, it alleges:

> **That ¶ 24 of the Deed of Trust was breached by failing to comply with the terms and conditions by which a trustee can be substituted. Whereby the Lender under the Deed of Trust never executed a Substitution of Trustee and no Substitution of Trustee has been recorded against the Property. Therefore, BDFTW was never duly appointed Trustee and lacked authority to execute both the [Notice of Default] and [Notice of Trustee's Sale].**

Defendants contend that these theories all fail because: (1) Plaintiff had already defaulted on the loan by the time any acceleration occurred; and (2) Plaintiff does not plead enough facts to support them. (*Defs.' Mot.* [Doc. 3] 14:2–14.)

As to the first argument, Defendants provide no citation to any allegation in the Complaint that would indicate that a default preceded their alleged acceleration. (*See Defs.' Mot* [Doc. 3] 13:1–14:16.) Though section 22 of the Deed of Trust delineated specific procedures for accelerating the loan in the event of default, on a 12(b)(6) motion the Court may not presume that Defendants complied with these terms. See Vasquez, 487 F.3d at 1249 (stating that the court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party.").

As to their second contention, Defendants cite to Levy v. State Farm Mut. Auto Ins. Co., 150 Cal. App. 4th 1, 5 (2007) for the proposition that "[f]acts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." (*Defs.' Mot.* [Doc. 3] 13:15–17.) For the reasons that follow, this rule conflicts with Federal Rule of Civil Procedure 8 and does not apply in federal court.

The first step in resolving a potential conflict between state law and the Federal Rules of Civil Procedure is "to determine whether, when fairly construed, the scope of [the federal rule] is 'sufficiently broad' to cause a 'direct collision' with the state law or, implicitly, to 'control the issue' before the court, thereby leaving no room for the operation of that law." Burlington N. R. Co. v. Woods, 480 U.S. 1, 4–5 (1987) (quoting Walker v. Armco Steel Corp., 446 U.S. 740, 749–750, and n. 9 (1980)). "[T]his 'direct collision' language 'is not meant to mandate that federal law and state law be perfectly coextensive and equally applicable to the issue at hand; rather, the 'direct collision' language, at least where the applicability of a federal statute is at issue, expresses the

15

requirement that the federal statute be sufficiently broad to cover the point in dispute.' " Harvey's Wagon Wheel, Inc. v. Van Blitter, 959 F.2d 153, 156 (9th Cir. 1992) (quoting Stewart Org. v. Ricoh Corp., 487 U.S. 22, 26 n.4 (1988)) (internal quotation omitted). A Federal Rule occupies a field of law—implicitly controlling an issue and displacing concurrent state law—when it sets forth a categorical, "one-size-fits-all" procedure. See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 399 (2010). The inquiry as to whether the state and federal rule conflict is generally this—can both rules apply contemporaneously without frustration of their purposes? See Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 987 (S.D. Cal. 1999); 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4510 (3d ed. 2017). The Federal Rules are not to be read narrowly for the purpose of this analysis. They are to be given their plain meaning. Walker v. Armco Steel Corp., 446 U.S. 740, 750 n.9 (1980).

In the case of a conflict between a Federal Rule and state law, the Federal Rule will apply over conflicting state law "so long as it is constitutional and consistent with the Rules Enabling Act's caveat that [it] 'not abridge, enlarge, or modify any substantive right.' " Computer Econ., 50 F. Supp. 2d at 987 (quoting 28 U.S.C. § 2072(b)); see also Hanna v. Plumer, 380 U.S. 460, 471–74 (1965). "[T]he Federal Rules enjoy a strong presumption of constitutional and statutory validity." Computer Econ., 50 F. Supp. 2d at 987 (S.D. Cal. 1999) (citing Burlington N. R. Co., 480 U.S. at 5–6).

Federal Rules of Civil Procedure 8 and 9 provide a categorical, "one-size-fits-all" pleading standard in federal court. They occupy the field as to pleading and leave no room for contrary state law. See Shady Grove, 559 U.S. at 399. The rule provided in Levy, 150 Cal. App. 4th at 5, is contrary state law. It calls for "specificity" in alleging a breach of contract. See Levy, 150 Cal. App. 4th at 5. By contrast, Rule 8 contemplates a uniform scheme that allows for "a short and plain statement of the claim showing that the pleader is entitled to relief"—one in which a pleading is sufficient so long as it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is

16

plausible on its face." Iqbal, 556 U.S. at 678. Because pleading is a matter of procedure, Rule 8 is within the ambit of the Rules Enabling Act and consistent with Article III of the Constitution.[5] Thus, Rule 8 applies over the rule of Levy, 150 Cal. App. 4th at 5. See Hanna, 380 U.S. at 471–74; accord Land O'Lakes, Inc. v. Dairyamerica, Inc., 2017 WL 495644, at *7 n.4 (E.D. Cal. Feb. 6, 2017); Jun-En Enter. v. Lin, 2012 WL 12886499, at *2 (C.D. Cal. Oct. 17, 2012).

As noted above, Plaintiff alleges: (1) that Defendant U.S. Bank accelerated Plaintiff's loan without authority; (2) that it failed to give notice of the acceleration of the loan; and (3) that BDFTW was never substituted as a trustee. (*See Compl.* [Doc. 1, Exh. 2] ¶¶ 99–101.)

As to the first theory, for the reasons discussed above in Part III.B, *supra*, Plaintiff alleges insufficient facts to make out a plausible claim that U.S. Bank lacked authority to accelerate the loan. See Iqbal, 556 U.S. at 678.

The second theory contains enough facts to support a plausible claim for relief. See Iqbal, 556 U.S. at 678. Defendants contend that the allegation that U.S. Bank did not provide notice in advance of an acceleration is somehow ambiguous. (*Defs.' Mot.* [Doc. 3]14:4–5.) Plaintiff alleges that he was not given advance notice of the acceleration— notice to which he was contractually entitled per paragraph 22 of the Deed of Trust. (*See Compl.* [Doc. 1, Exh. 2] ¶ 100.) This is sufficient to make out "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2).

Plaintiff's third theory contradicts a public record judicially noticed along with the motion to dismiss. Plaintiff neither objected to Defendants' request for judicial notice of

---

[5] "Article III of the Constitution, augmented by the Necessary and Proper Clause of Article I, § 8, cl. 18, empowers Congress to establish a system of federal district and appellate courts and, impliedly, to establish procedural Rules governing litigation in these courts. In the Rules Enabling Act, Congress authorized this Court to prescribe uniform Rules to govern the 'practice and procedure' of the federal district courts and courts of appeals." Burlington N. R. Co., 480 U.S. at 5 n.3.

1  the Substitution of Trustee form [Doc. 3-1], nor opposed Defendants' motion to dismiss
2  his breach of contract cause of action. (*See Pl.'s Opp'n* [Doc. 4].) As such, the
3  substitution of BDFTW is not a disputed fact. Nor is the fact of the Substitution of
4  Trustee form's recording within the realm of reasonable dispute, given its source as a
5  public record. This places the fact of the recording within the ambit of Rule 201. As
6  such, the Court does not assume true the allegation that BDFTW was not substituted as
7  trustee for the purposes of this motion. See F. R. Evid. 201; Lee, 250 F.3d at 688–90.
8  Plaintiff may not state a plausible claim that BDFTW was not substituted as trustee,
9  while at the same time failing to oppose a request for judicial notice of a public record of
10 its substitution. See Iqbal, 556 U.S. at 678.

Defendants' motion to dismiss will be denied as to the second theory of the breach of contract cause of action. It will be granted as to the first and third theories. See Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010) (the Court may dismiss less than an entire cause of action upon a 12(b)(6) motion).

//
//
//
//
//
//
//
//
//
//
//
//
//
//

18

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss.

Specifically, Defendants' motion to dismiss is granted as to the first, second, third, and fourth causes of action.

It is granted as to the Cal. Civ. Code § 2924(a)(6) claim within the fifth cause of action, but it is denied as to the Cal. Civ. Code §§ 2923.5–2923.55 claims.

It is denied as to all theories within the sixth cause of action—for breach of contract—except that pertaining to the failure to provide notice of the intent to accelerate the terms and conditions of the Deed of Trust.

Plaintiff will have leave to amend.[6] If he elects to file an amended complaint in compliance with the terms of this order, he may do so on or before **Monday, August 28, 2017**.

**IT IS SO ORDERED.**

Dated: August 14, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[6] "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).